UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tyler Johnson,<br><br>    Plaintiff,<br><br>v.<br><br>Focus Receivables Management, LLC<br>c/o CT Corporation System<br>208 S. LaSalle Street, Suite 814<br>Chicago, IL 60604,<br><br>    Defendant. | Case No.<br><br><br><br><br>**COMPLAINT**<br><br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is an attorney licensed to practice in the State of Georgia.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- On or around April 2, 2015, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

10- Despite the bankruptcy filing, on or around September 14, 2015, Defendant telephoned Plaintiff to collect the Debt.

11- Under the FDCPA, Defendant must maintain reasonable procedures to avoid liability for its collection activities.

12- At the time of this communication, Defendant knew, or should have known through its reasonable procedures, that Plaintiff's filing bankruptcy.

13- Defendant damaged Plaintiff.

14- Defendant violated the FDCPA.

## COUNT I

15- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

16- Defendant violated 15 USC § 1692e(2) by trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy and, thereby misrepresenting the legal status of the debt

## COUNT II

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT IV

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after Defendant knew, or should have known, that Plaintiff was represented by an attorney regarding the debt.

## JURY DEMAND

23- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: *Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*